Brinkerhoee, J.
We are of opinion that there was no error in the decision and judgment of the court of common pleas. Although the Ohio Life Insurance and Trust Company was, by its charter, authorized to loan money at seven per cent, per annum, yet neither at the time these notes and mortgages were «executed, nor when judgment was taken on the notes, nor *372 when the judgment in this case was rendered, was there any law in Ohio authorizing a higher rate of interest than six percent. per annum on judgments or decrees in any case.
By the voluntary act of the plaintiff’s assignor, these notes were sued on and reduced to judgment. The debt represented by the notes was thus, by operation of law, merged in the judgment. The Trust Company is presumed to have known the law, and to have contemplated the legal consequences of its own voluntary act. And it seems to us that the case is, in effect, the same as it would have been, if, instead of taking judgments on the notes, the Trust Company had entered int> an agreement with Kelley, that the latter might substitute new notes bearing but six per cent, interest, in lieu of the original notes, and that agreement had been carried into execution.
The debt was the principal thing — represented first by the notes, and then by the judgment, into which they had' been merged. The mortgages were but the security for, and incident of, the debt they were given to secure. Payment of the debt would have extinguished the security. And as that debt,, from the time it was reduced to judgment, bore but six per cent, interest, the decree upon the mortgages was properly limited by the same rate of interest.
Judgment affirmed.
Peck; C.J., and Scott, Ranney and Wilder, JJ., concurred*